# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**BUECHEL LEE ADAMS**  PLAINTIFF

v.  CIVIL ACTION NO. 3:24-CV-P538-JHM

**YES CARE, CORP.** *et al.*  DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Buechel Lee Adams filed the instant *pro se* prisoner 42 U.S.C. § 1983 action. This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action without prejudice.

### I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff, a pretrial detainee at the Louisville Metro Department of Corrections (LMDC), sues Yes Care, Corp. and LMDC. Plaintiff states that he had emergency surgery on his spine on January 29, 2024, after he was hit by a car. He reports that he had another emergency spinal surgery on July 1, 2024. According to the complaint, Plaintiff started submitting Health Service Request (HSR) forms from July 8 thru July 13, 2024, "over my pain level increasing to pain of 6 to 7 also getting migraines everyday, pain extends from top of neck to bottom of tailbone." Plaintiff reports that he turned in more HSR forms from July 15 thru July 19, 2024, and July 24, 2024, with no reply. On July 28, 2024, he turned in an HSR form "stating limited mobility of my left arm, pain in my back ranging from a 7 to 9" and still did not receive a reply. Plaintiff states that he filed a grievance against Yes Care, Corp. on July 30, 2024.

Plaintiff states that he was seen by a medical provider on August 9, 2024, and that "nothing was said or done about my back or taking me to find the problem at . . . hospital to have it checked." Plaintiff reports that he received a response to his grievance telling him that he was

seen by medical staff and to "place HSR for any new or worsening symptoms." He discusses his grievance appeals and states that an appeal was "in default" when he did not receive a timely response.

Plaintiff states that his condition "feels like it did before I had surgery on January 29, 2024" and that "I'm losing mobility in my left arm and I am having a constant lump in my throat." He asserts, "I'm afraid if something isn't done I will become paralyzed. My pain level stays from an 8 to 9 and I can't sit or stand for long periods of time. I mostly stay . . . in my bed on floor or now top bunk." Plaintiff alleges deliberate indifference to his serious medical needs in violation of the Eighth Amendment. He also alleges that he "has no plain, adequate or complete remedy at law to redress the wrongs described herein."

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of being "allowed to have checked at hospital."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

### III. ANALYSIS

#### A. LMDC

Plaintiff sues LMDC.  However, LMDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983.  *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983).  In this situation, Jefferson County is the proper Defendant.  *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues:  (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  In regard to the second component, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  To demonstrate municipal liability, a plaintiff "must (1) identify the

municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff does not allege that any action taken against him occurred pursuant to a policy or custom of Jefferson County. He alleges incidents affecting only him. Accordingly, Plaintiff's claim against LMDC/Jefferson County must be dismissed for failure to state a claim upon which relief may be granted.

### B. Yes Care, Corp.

In regard to Plaintiff's claim against Yes Care, Corp.,[1] the Sixth Circuit has held that the same analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation, such as Yes Care, Corp. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (citing *Monell*, 436 U.S. at 691) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."). Analogous to a municipality, the liability of a contracted private entity must be based on a policy or custom of the entity. *Street*, 102 F.3d at 818; *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("CMS's [Correctional Medical

---

[1] The Court construes the complaint as alleging that Yes Care, Corp. is an entity which contracts with LMDC to provide medical services to inmates. "It is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)).

4

Systems, Inc.,] liability must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights.").

The complaint does not allege that any action was taken pursuant to policy or custom of Yes Care, Corp. Therefore, Plaintiff's claim against Yes Care, Corp. must be dismissed for failure to state a claim upon which relief may be granted.

### C. Due process claim

The Court construes the complaint as alleging a claim for denial of due process based on the handling of Plaintiff's grievances. However, prisoners do not possess a constitutional right to a prison grievance procedure. *See Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) ("All circuits to consider this issue have . . . found that there is no constitutionally protected due process right to unfettered access to prison grievance procedures."). Consequently, "a plaintiff cannot premise a § 1983 claim on allegations that a jail's grievance procedure was inadequate and/or unresponsive because there is no inherent constitutional right to an effective jail grievance procedure in the first place." *Olivier v. City of Clarksville*, No. 3:16-CV-03306, 2017 U.S. Dist. LEXIS 24779, at *7-8 (M.D. Tenn. Feb. 21, 2017). The Court, therefore, will dismiss this claim for failure to state a claim.

### D. Deliberate indifference claim

Plaintiff also alleges a claim of deliberate indifference to his serious medical needs in violation of the Eighth Amendment. However, because Plaintiff is a pretrial detainee and not a convicted inmate, his claims are brought under the Fourteenth Amendment, rather than the Eighth Amendment. *See Greene v. Crawford Cnty.*, 22 F.4th 593, 605 (6th Cir. 2022) ("[T]he Eighth Amendment applies only to those convicted of crimes. . . . [P]retrial detainees are analogously protected under the Due Process Clause of the Fourteenth Amendment.") (internal

citations and quotation omitted). Thus, Plaintiff's claim under the Eighth Amendment must be dismissed for failure to state a claim upon which relief may be granted.

The Court construes Plaintiff's deliberate indifference claim as brought under the Fourteenth Amendment. However, the Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Plaintiff fails to identify any individual who denied him medical treatment or what specific action any individual defendant took. Therefore, the claim must be dismissed for failure to state a claim upon which relief may be granted.

However, the Court will dismiss the action without prejudice and with leave to amend the complaint for Plaintiff to identify the specific individuals who he alleges denied him medical treatment and to state specifically how he alleges each denied him treatment. *See Rashada v. Fiegel*, No. 23-1674, 2024 U.S. App. LEXIS 7883, at *12 (6th Cir. Apr. 1, 2024) (approving dismissal of *pro se* complaint without prejudice and with leave to amend).

The **Clerk of Court is DIRECTED** to place this case number and word "Amended" on a § 1983 complaint form and send it to Plaintiff, along with three summons forms, should Plaintiff choose to amend the complaint.

## IV. CONCLUSION

Accordingly, the Court will enter a separate Order dismissing the action.

Date: September 26, 2024

*[Signature]*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.010