UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**BUECHEL LEE ADAMS**                                                                                    **PLAINTIFF**

v.                                                                     **CIVIL ACTION NO. 3:24-CV-P538-JHM**

**YES CARE, CORP.** *et al.*                                                                          **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Buechel Lee Adams filed this *pro se* prisoner 42 U.S.C. § 1983 action. By prior Memorandum Opinion and Order, the Court conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915A and dismissed the action without prejudice to Plaintiff filing an amended complaint to identify the specific individuals who he alleges denied him medical treatment and to state specifically how he alleges each denied him treatment (DN 6). Plaintiff filed an amended/supplemental[1] complaint (DN 11), which the Court construes as a motion to reopen the action and amend the complaint. The Court will first undertake an initial review of the amended/supplemental complaint pursuant to § 1915A to determine if the action should be reopened.

**I. SUMMARY OF FACTUAL ALLEGATIONS**

Plaintiff is a pretrial detainee at the Louisville Metro Department of Corrections (LMDC). In the original complaint (DN 1), Plaintiff sued Yes Care, Corp. and LMDC. He stated that he had emergency surgery on his spine on January 29, 2024, after he was hit by a car. He stated that he was lodged in LMDC on July 1, 2024.[2] According to the complaint, Plaintiff started submitting Health Service Request (HSR) forms from July 8 thru July 13, 2024, "over my

---

[1] Some of the factual allegations in the amended complaint occurred after the original complaint was filed. The Court construes those allegations as moving to supplement the complaint under Fed. R. Civ. P. 15(d).

[2] In reviewing the original complaint, the Court read Plaintiff's allegations as stating that he had a second emergency spinal surgery on July 1, 2024. However, the amended complaint clarifies that he had one surgery on January 29, 2024, and was placed in LMDC on July 1, 2024.

pain level increasing to pain of 6 to 7 also getting migraines everyday, pain extends from top of neck to bottom of tailbone." Plaintiff reported that he turned in more HSR forms from July 15 thru July 19, 2024, and July 24, 2024, with no reply. On July 28, 2024, he turned in an HSR form "stating limited mobility of my left arm, pain in my back ranging from a 7 to 9" and still did not receive a reply. Plaintiff stated that he filed a grievance against Yes Care, Corp. on July 30, 2024. Plaintiff stated that he was seen by a medical provider on August 9, 2024, and that "nothing was said or done about my back or taking me to find the problem at . . . hospital to have it checked." Plaintiff reported that he received a response to his grievance telling him that he was seen by medical staff and to "place HSR for any new or worsening symptoms."

Plaintiff stated that his condition "feels like it did before I had surgery on January 29, 2024" and that "I'm losing mobility in my left arm and I am having a constant lump in my throat." He asserted, "I'm afraid if something isn't done I will become paralyzed. My pain level stays from an 8 to 9 and I can't sit or stand for long periods of time. I mostly stay . . . in my bed on floor or now top bunk."

Upon initial review of the original complaint pursuant to § 1915A, the Court dismissed Plaintiff's claims against Yes Care, Corp. and LMDC because Plaintiff did not allege that any action was taken pursuant to a policy or custom of Yes Care, Corp. or Jefferson County. *See* DN 6, PageID# 22-24. The Court dismissed the claims without prejudice and with leave to amend the complaint for Plaintiff to identify the specific individuals who he alleges denied him medical treatment and to state specifically how he alleges each denied him treatment.

Plaintiff filed an amended/supplemental complaint (DN 11), in which he again sues Yes Care, Corp., as well as Medical Provider Jane Doe #1 and Nurse Jane Doe #1 in their individual and official capacities. Plaintiff states that he was incarcerated in LMDC on July 1, 2024. He

states, "Informed them of my back problems on July 10, 2024. Saw a male nurse who stated th[at] they couldn't handle chronic care at Louisville Metro. But he would put in for me to see a provider in two weeks." He continues, "After turning in 9 HSR forms finally saw Nurse Jane Doe #1 on August 7, 2024 who told me not to turn in any more HSR forms." He reports that on August 9, 2024, he "saw Medical Provider #1 Jane Doe" who "tried to avoid talking about my back" and "stated that she was going to take x-rays of my shoulder to see if that was the cause of my limited mobility of my left arm and was going to put me on heartburn medicine to see if that was causing the lump in my throat."

Plaintiff states that he "didn't hear from medical again" until after October 3, 2024, when his lawyer asked the judge in his criminal case "to write a letter to Medical to see me." He asserts that he "saw Medical Provider #2 Jane Doe on October 11, 2024, she asked me why I hadn't had x-rays yet. I stated that Medical Provider #1 Jane Doe was supposed to order them. Medical Provider #2 ordered x-rays and blood to be drawed." He reports that on October 23, 2024, he "saw another Nurse Jane Doe who stated to me that there was nothing they could do for me I would have to wait until I got out to see a Neurosurgeon." He also states that during the week of October 28, 2024, he "saw Medical Provider #3 Jane Doe who stated there was nothing they could do for me I would have to wait until I got out and then I would have to see a neurosurgeon on my own." He states, "They did give me meloxicam but have taken that away after two weeks and replaced it with ibuprofen and Tylenol."

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of "seeing a neurosurgeon."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## III. ANALYSIS

Broadly construing the complaint and amended/supplemental complaint, <u>the Court will allow claims of deliberate indifference to serious medical needs under the Fourteenth</u>

4

Amendment to proceed against Yes Care, Corp.[3] and against Medical Provider Jane Doe #1 and Nurse Jane Doe #1 in their individual capacities. Therefore, the Court will grant Plaintiff's motion to reopen and to amend and supplement the complaint.

The Court will dismiss the official-capacity claims against Medical Provider Jane Doe #1 and Nurse Jane Doe #1 as redundant to Plaintiff's claim against Yes Care, Corp. *See, e.g.*, *O'Connor v. Chatfield*, No. 2:19-cv-218, 2021 U.S. Dist. LEXIS 230522, at *11 (W.D. Mich. Mar. 29, 2021) (dismissing official-capacity claims against county official as redundant to claims against his employer) (citing *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)).

### IV. CONCLUSION

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the motion to reopen and to amend and supplement the complaint (DN 11) is **GRANTED** and the Court's Order of dismissal (DN 7) is **VACATED**. The **Court directs the Clerk of Court** to reinstate this action to the Court's active docket.

**IT IS FURTHER ORDERED** that the official-capacity claims against Medical Provider Jane Doe #1 and Nurse Jane Doe #1 are **DISMISSED** as redundant.

The Court will enter a separate Service and Scheduling Order to govern the claims that have been permitted to proceed. In allowing claims to proceed, the Court passes no judgment on their merit or the ultimate outcome of the case.

Date: December 13, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
      Defendant Yes Care, Corp.
4414.010

---

[3] The Court allows the claim against Yes Care, Corp. to continue based on Plaintiff's allegations that he was told that "they couldn't handle chronic care at Louisville Metro" and being told twice that he had to wait to receive medical treatment when he was released.